# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **JACQUELINE E. BILLUPS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19CV00047 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CLINCH VALLEY MEDICAL** ) | By:  James P. Jones |
| **CENTER,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Hilary K. Johnson*, HILARY K. JOHNSON, P.C., Abingdon, Virginia, for Plaintiff; *Steven D. Brown and Lindsey A. Strachan*, ISLER DARE P.C., Richmond, Virginia, and *Mark W. Peters and Flynne M. Dowdy*, WALLER LANSDEN DORTCH & DAVIS, LLP, Nashville, Tennessee, for Defendant.

In this employment discrimination action, the defendant moves to dismiss on the ground that service of the lawsuit was not timely made and thus the statute of limitations bars the claim.  For the reasons set forth herein, I will deny the motion.

I.

The plaintiff, Jacqueline E. Billups, represented by counsel, filed the action against defendant Clinch Valley Medical Center (CVMC) under the Americans with Disabilities Act (ADA or Act) on November 18, 2019, alleging that she had been terminated by CVMC in violation of the Act.  Attached to the Complaint was a copy of a Notice of Right to Sue from the U.S. Equal Employment Opportunity

Commission (EEOC) dated August 19, 2019, advising of the termination by the agency of its processing of Ms. Billups' charge.

No further action was taken by Ms. Billups' lawyer to serve process of the lawsuit on CVMC until the court entered the following Order on November 19, 2020:

> It appearing that the Complaint in this case was filed over one year ago and no proof of service has been made to the court or waiver of service filed, the plaintiff is given notice pursuant to Federal Rule of Civil Procedure 4(m) that if proof of service on the defendant or waiver of service by the defendant is not filed within 21 days of the date of this Order, the defendant and this action shall be dismissed without prejudice.

Order, ECF No. 3.  Ms. Billups' counsel in response obtained service on the registered agent of CVMC on December 1, 2020, although the proof of service was not filed with the court until December 17, 2020.  ECF No. 4.

CVMC then filed a Motion to Dismiss, which is now before the court for determination after having been fully briefed by the parties.

It is contended by CVMC that the plaintiff's action is time-barred.  Under the ADA, suit must be filed within 90 days after receiving a notice of right to sue from the EEOC.  42 U.S.C. §§ 2000e-5(f)(1), 12117.  If service of process is not obtained within the time permitted under Rule 4(m) and the action is thus dismissed without prejudice, the statute of limitations is not tolled during the time the suit was pending. *Cf. Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012)

(unpublished) ("[T]he general rule [is] that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period.").

Rule 4(m) provides as follows:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). CVMC argues that since service was not made with 90 days, dismissal is appropriate, but since there has been no tolling of the statute of limitations, the dismissal must be with prejudice, since the 90 days clearly has run.

Ms. Billups' attorney has not shown good cause for her failure to serve CVMC within the required period of time. Her sole excuse is that she "unintentional[ly] . . . [and] erroneously fil[ed] the summons in the wrong file." Pl.'s Suppl. Br. 1, ECF No. 18. But under the plain language of the Rule, a showing of good cause is not required to extend the time for service under Rule 4(m), although "the court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service." *Broome v. Iron Tiger Logistics, Inc.*, No. 7:17cv444, 2018 WL 3978998, at *2 (W.D. Va. Aug. 20, 2018) (internal quotation marks and citations omitted).[1]

---

[1] The Order entered by the court on November 19, 2020, quoted above, is not a model of clarity. It might be construed as an extension of time under Rule 4(m), or as an

CVMC has not alleged actual prejudice from the delay in service, although it contends that prejudice "is real" under the circumstances. Def.'s Resp. 3, ECF No. 19. Those circumstances include the plaintiff's allegations that the alleged failure to provide Ms. Billups with a requested accommodation under the ADA occurred in April of 2018; that there were numerous other employees granted such requests; and that Ms. Bullips was terminated in June of 2018 because of CVMC's refusal to accept her request for accommodation. Compl. ¶¶ 9, 10, 11, ECF No. 1. CVMC contends that this long passage of time, the numerous employees, current and former, who dealt with these issues, and the probable lost memories and documents, naturally support the inference of prejudice.

In support of this inference, CVMC has submitted the declaration of a human resources leader at CVMC who avers that CVMC "never received a copy of the [EEOC] Charge" and "first learned about the lawsuit" when its registered agent was served on December 1, 2020. Def.'s Resp., Knowles Decl. ¶¶ 6, 7, ECF No. 19-1.[2] But the Notice of Right to Sue dated August 19, 2019, shows that a copy was sent

---

effort to learn if service had already been made and the defendant was in default, or that that the parties had settled the case or agreed to an extension of time to answer, without advising the court. Even if it were reasonably considered to be an extension of time, in light of the defendant's Motion to Dismiss, I have to consider whether it was proper to excuse the delay in service. That delay, of course, had already occurred long before the court's order of November 19, so there was no reliance on it to excuse the delay.

[2] But see 29 CFR § 1601.14 (2019), providing that the EEOC shall serve respondent within 10 days with either a copy of the charge or notice that a charge has been filed.

to present counsel for CVMC, in care of Chen G. Ni, a former associate attorney with the firm.  ECF No. 1-1.  The EEOC charge was filed, according to the Complaint, in December 2018, and thus it appears that CVMC's law firm was involved with the EEOC process and was aware of Ms. Billups' claim.

The plaintiff's attorney's error is of particular concern in the light of her mistake in another recent case.  The same thing happened in the case of *Broome v. Iron Tiger Logistics, Inc.*, cited above, handled by another judge of this court in August of 2018.  In that case present counsel for Ms. Billups represented Mr. Broome in a race discrimination lawsuit filed on September 25, 2017.  No service was made on the defendant until May 9, 2018, 227 days after filing the Complaint, when it should have made, as here, within 90 days.  Just as in the present case, no good cause was shown for this delay.  The court, however, declined to dismiss the case as requested by the defendant, on the basis that the statute of limitations would have ended the plaintiff's case without any opportunity for a review on its merits, the delay was caused by the attorney and not the plaintiff himself, and finally, the defendant conceded that it would not be prejudiced by extending the time for service. *Broome*, 2018 WL 3978998, at *4.

One would think that Ms. Billups' attorney, having barely escaped her client's case being dismissed for her mistake in the *Broome* case, would have been careful not to repeat the same error only a few months later.  Lawyers must carefully

calendar important deadlines, such as filing or service dates.  In fact, there should have been no reason to delay service of process at all in this case.  It should have proceeded immediately after filing the Complaint.

Nevertheless, I will deny the Motion to Dismiss.  The fact that CVMC's present counsel appears to have been aware of the EEOC proceeding mitigates against any possible prejudice caused by the delay in service.  I am reluctant to penalize the innocent plaintiff here who unknowingly put herself in the hands of a careless attorney.

II.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 7, is DENIED.

ENTER:  March 16, 2021

/s/  JAMES P. JONES
United States District Judge